**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------X

JACOB CRAWFORD

                                             Docket No.

                Plaintiff,

         -against-

                                            **COMPLAINT**

THE UNITED STATES OF AMERICA


                Defendant.

-------------------------------------------------X

      Plaintiff, complaining of the defendant, THE UNITED STATES OF AMERICA, by his attorneys, FRANZBLAU DRATCH, P.C. respectfully alleges upon information and belief as follows:

      1.     At the time of the commencement of this action, plaintiff is and was a an inmate at the Federal Medical Center Butner in North Carolina.

      2.     This cause of action arises from medical negligence that occurred from March of 2018 to the present date while plaintiff was and is still confined to the Bureau of Prisons.

      3.     A substantial amount of the negligence that occurred to plaintiff by defendant happened while plaintiff was confined to Federal Correctional Institution Otisville located in the Village of Otisville, County of Orange. Accordingly, venue is appropriate in this district.

      3.     This action is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b) and 28 U.S.C. § 2671, *et. seq.* and 39 U.S.C. § 409.

      4.     That on or about November 7, 2019, plaintiff caused an administrative claim to be filed with the United States Bureau of Prisons.

5. That defendant never responded to plaintiff's administrative claim.

6. That this action is being commenced after the six month time period has expired in which defendant had to respond to plaintiff's claim.

7. That at all times hereinafter mentioned, defendant was to provide medical care to the plaintiff as a prisoner under the care and custody of the Bureau of Prisons.

8. In or about December of 2017 , plaintiff received an injury to his right thumb which required ligamentous surgical repair.

9. In March of 2018, plaintiff was initially placed in the care and custody of defendant at Victorville Federal Prison.

10. In June of 2018, plaintiff was evaluated by an orthopaedist who recommended surgical repair of the thumb and provided plaintiff with a splint to keep on his thumb until such time that surgery was performed.

11. Surgery was not performed as plaintiff was transferred to FCI Otisville on August 14, 2018 wherein during the transfer of plaintiff, plaintiff's splint was confiscated and lost by defendant's agents.

12. On or about August 22, 2018, plaintiff was recommended to have an MRI, however, the MRI was not performed until April of 2019.

13. Plaintiff was not given a new splint for his thumb until July of 2019.

14. Plaintiff was not given an orthopaedic consult until September of 2019.

15. At the September 2019, orthopaedic consult, the orthopaedist recommended that plaintiff be seen by a hand surgeon.

16. Plaintiff was not seen by a hand surgeon and instead was transferred to Federal Medical Center Butner in November of 2019.

17. Plaintiff was finally seen by a hand surgeon in December of 2019, who

informed plaintiff that due to the extraordinary delay in treating plaintiff's right thumb injury, plaintiff was no longer a candidate for surgical repair and that the only surgery that plaintiff could undergo was a fusion of his thumb joint.

18    The standard of care requires that plaintiff's injury to his thumb joint be surgically repaired a soon as possible.

19.    The defendant deviated from the standard of care in failing to timely treat, recognize, and repair plaintiff's injury to his right thumb.

16.    That as a result of the aforementioned the plaintiff sustained severe injuries of a permanent nature preventing the plaintiff from performing his normal activities of life and business resulting in great pain to his mind and body, loss of enjoyment of life and resulting in his incurring substantial expenses for medical care, hospitalization, loss of earning capacity and other expenses occasioned by injuries and disability sustained by him as a result of the aforementioned.

**WHEREFORE,** plaintiff demands judgment against the defendant for the following relief:

(A)    Damages;

(B)    Costs;

(C)    Interest;

(D)    for such other relief as the Court deems just and proper

DATED: New York, New York
         November 5, 2020

FRANZBLAU DRATCH, P.C.


/s/Brian M. Dratch
By:    BRIAN M. DRATCH
       Attorneys for Plaintiff
       233 Broadway, Suite 1800
       New York, NY 10279
       (212) 571-1808

00084820 - 1

To: The United States of America
C/o Attorney General of the the State of New York
86 Chambers Street, 3rd Floor
New York, NY 10007

The Honorable William Barr
Attorney General of the United States United States Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001